UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9109-GW (PJW) | Date | August 21, 2013 |
|---|---|---|---|
| Title | *Achilles D'Artgnan Corelleone v. State of California, et al.* | | |

| Present: The Honorable | Patrick J. Walsh, Magistrate Judge | |
|---|---|---|
| Celia Anglon-Reed | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:** Petitioner's Motion to Amend Petition; Respondent's Motion to Dismiss (IN CHAMBERS)

In October 2012, Petitioner filed a Petition for Writ of Habeas Corpus, raising six claims for relief. Thereafter, he filed an "Ad[d]endum to Complaint" ("Addendum"), which this Court interpreted as a Motion to Amend his Petition. (Docket No. 14.) Respondent has opposed the motion, arguing that it is untimely, improperly adds new legal theories, and is futile. The Court does not find these arguments persuasive. First, as Petitioner points out, the claims raised in the Addendum are simply more detailed arguments raised in Ground One of his Petition,( i.e. that the special conditions of his parole violate his constitutional rights). In light of the fact that Respondent has not yet addressed the merits of any of Petitioner's claims, the Court does not find that amending the Petition at this time prejudices Respondent in any significant way. Finally, as explained below, the Court does not find Petitioner's claims challenging the conditions of his parole to be futile.[1] Accordingly, Petitioner's Motion to Amend his Petition is GRANTED.

Respondent maintains that the Petition must be dismissed because Grounds One, Two, Five, and Six are not cognizable in a federal habeas corpus proceeding as they involve conditions of his parole. (Docket Nos. 7, 26.) Respondent argues that Petitioner's claims challenging the conditions of his parole must be brought in a § 1983 civil rights action rather than in a collateral habeas proceeding. Though the Ninth Circuit recently upheld the use of § 1983 to challenge the validity of special parole conditions, the court found that § 1983 was not the exclusive remedy available to address such claims. *See Thornton v. Brown*, __ F.3d __, 2013 WL 3927759, at *6 (9th Cir. 2013) (noting challenges to parole conditions that do not affect the validity of the underlying judgment or conviction may be brought in habeas action or in civil rights suit). Further, several other courts have found habeas corpus to be the appropriate vehicle to attack allegedly unconstitutional parole conditions. *See, e.g., Williams v. Wisconsin,* 336 F.3d 576, 579-80 (7th Cir. 2003); *Moore v. Schwarzenegger*, 2010 WL 2740323, at *2-3 (C.D. Cal. May 28, 2010); *see also Snell v. Brown*, 2013 WL 1181449, at *3 (C.D. Cal. Jan. 7, 2013) (noting the split in authority as to the appropriate action to remedy unconstitutional parole conditions). Accordingly, the Court concludes that Petitioner's claims relating to the special parole conditions imposed upon his

---

[1] This is not to suggest that the Court finds the claims meritorious, only that there is a legal basis for bringing the claims in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

release on parole in August 2012 are appropriately before the Court and the motion to dismiss the Petition on that ground is DENIED.[2]

Respondent also argues that Grounds Three and Four of the Petition must be dismissed because they are untimely under the one-year statute of limitations that applies to all federal habeas petitions. Respondent argues that the statute began running the day Petitioner pled guilty and was sentenced (in February 2010) and continued to run until he filed a state habeas petition raising these same claims (in August 2012). This argument, however, fails to take into account that the statute does not begin to run until the conviction becomes final (i.e., direct review appellate proceedings are concluded). Nor has Respondent attempted to account for the numerous state habeas petitions (*see* attached print-out to Court's February 22, 2013 Order) that may entitle Petitioner to statutory tolling. *See Cross v. Sisto,* 676 F.3d 1172, 1178-79 (9th Cir. 2012) (explaining the statute of limitations is tolled during properly filed state petitions as well as intervals between filings during a "round" of filings). In the absence of a detailed explanation from Respondent as to why tolling does not apply here, the argument is unpersuasive. Moreover, to the extent Petitioner is challenging the legality of the conditions of his parole, it is not clear that the statute began to run until he was actually released on parole and subject to the conditions. *See Hundal v. Ochoa*, 2012 WL 487905, at *2 (E.D. Cal. Feb. 7, 2012) (dismissing habeas petition challenging parole residency requirement because it was not ripe while petitioner was still incarcerated). For these, reasons, the motion to dismiss for untimeliness is DENIED without prejudice.

Accordingly, Respondent is ordered to file an Answer addressing the merits of all of Petitioner's claims by September 30, 2013. In the Answer, Respondent may argue that certain claims are untimely by addressing the concerns noted previously. After Respondent files an Answer, Petitioner will have 30 days to file a Traverse. Thereafter, the Court will take the matter under submission and issue a decision as soon as practicable.

cc:
Achilles Corelleone                     Nikhil D. Cooper
c/o Panama Hotel                        CAAG - Office of the Attorney General
403 E. 5th Street, Room 341             300 South Spring Street, Ste. 1702
Los Angeles, CA 90013                   Los Angeles, CA 90013

                                                               : 

                                        Initials of Preparer        ca

S:\PJW\Cases-State Habeas\CORELLEONE, A 9109\MO_deny mtd2.wpd

---

[2] Respondent originally argued that the claims should be dismissed because they were also unexhausted. In a subsequent filing, however, Respondent conceded that the claims have been exhausted in state court.